THE PEOPLE *ex rel.* James T. Garretson, Petitioner, *vs.* CHARLES W. BYERS, County Clerk, Respondent.

*Announced orally February 16, 1916.*

ELECTIONS—*statute does not authorize women to vote for committeemen or for delegates to the national conventions.* While the legislature, under the decision in *Scown* v. *Czarnecki*, 264 Ill. 305, has the power to authorize women to vote for delegates to the national conventions to nominate candidates for President and Vice-President of the United States and for candidates for State and precinct committeemen of the political parties, yet the Woman's Suffrage act cannot be construed as having given such authority.

ORIGINAL petition for *mandamus.*

C. F. MORTIMER, and W. ST. J. WINES, for petitioner.

EDMUND BURKE, State's Attorney, for respondent.

Mr. CHIEF JUSTICE FARMER announced the decision of the court:

This is a petition for a writ of *mandamus* commanding the county clerk of Sangamon county to print upon ballots for women, to be voted at the primary election the second Tuesday of April, 1916, the names of all candidates for delegates to the national nominating conventions of the political parties and the names of candidates for State central committeemen, and to provide a space on the ballots for women to write in the name of candidates for precinct committeemen. Respondent has demurred to the petition.

The petition and demurrer present the question whether women can vote at the primaries in April for delegates to the national conventions to nominate candidates for President and Vice-President and also vote for the election of committeemen of the political parties. What is commonly known as the Woman's Suffrage statute authorizes women to vote at elections for candidates for certain offices named in the statute. The Primary Election law gives women the right to vote at primary elections for the nomination of candidates for such offices as they may vote for at the election for which the primary is held. Candidates for delegates to national conventions and party committeemen are not nominated but are elected at the April primaries. Under the authority of *Scown v. Czarnecki*, 264 Ill. 305, the legislature could have authorized women to vote for the election of delegates to national conventions and for party committeemen. It did not do so, and whether this was intentional or not, it is not within the province of the courts to read into the statute something not expressed or necessarily implied. The remedy is with the legislature.

The demurrer to the petition is sustained and the writ denied.                                      *Writ denied.*