STATE OF NORTH DAKOTA EX REL. M. A. RUDD, Petitioner, v. THOMAS HALL, as Secretary of State of the State of North Dakota, Respondent.

(176 N. W. 921.)

**Elections — woman may be a candidate for nomination as delegate to a national convention.**
    For reasons stated in the opinion it is *held* that a woman may be a candidate for nomination as delegate to a national nominating convention.

Opinion filed March 3, 1920. Rehearing denied March 4, 1920.

Original application for a writ of mandamus compelling respondent to place the name of petitioner upon the ballot as delegate to Republican National Convention.

Writ awarded.

*Foster & Baker,* for petitioner.

*Wm. Langer,* Attorney General, and *Edw. B. Cox,* Assistant Attorney General, for respondent.

PER CURIAM. This is an original application for a writ of mandamus directed to the secretary of state, which shall require the placing of the name of the relator upon the presidential primary ballot as candidate for delegate to the Republican National Convention. The relator is a woman, and it is contended that, by reason of her sex, she is not eligible. This is the sole question involved and decided in this proceeding.

Chapter 208 of the Laws of 1911, being §§ 910–916, both inclusive, of the Compiled Laws of 1913, provides, among other things, for the selection by the qualified electors of political parties of delegates to represent the party in national conventions in presidential years. Persons desiring to be candidates are required to file petitions with the secretary of state not later than the 1st day of March, and each one elected is required to subscribe an oath of office that he will uphold the Constitution and laws of the United States and North Dakota, and that he will "as such officer and delegate, to the best of his judgment and ability, faithfully carry out the wishes of his political party as expressed by the voters at said election." Each is entitled to his expenses, not exceeding $200, out of the state treasury. Section 19 of the Political Code reads as follows:

"Every elector is eligible to the office for which he is an elector, except when otherwise specially provided; *and no person is eligible who is not such an elector.*"

The gist of the respondent's contention is that the position of delegate to the national convention of a political party is a public office, within § 19, above referred to, and being such, and there being no law which specifically authorizes women to participate in the election of delegates, they are therefore ineligible to serve as delegates. Con-

sequently, the respondent contends, a woman is not entitled to a position on the ballot.

At the time § 19 became a part of the political Code, those who occupied official positions in the party organizations were not regarded as holders of public offices. In State ex rel. McArthur v. McLean, 35 N. D. 203, 159 N. W. 847, it was held, even under primary laws which provide for a popular election of precinct committeemen, who in turn take steps for completing the organization of the party machinery, including the election of a chairman of the state central committee, that the latter position was not a public office, and that the occupant performed no governmental functions.

It is our opinion that § 19 of the Political Code relates only to public offices, and does not include officers who are merely political emissaries chosen to convey the sentiment of the electors of their party to a national convention. The position of delegate not being a public office within the eligibility requirement referred to, the matter resolves to the simple proposition of whether or not the legislature has restricted the party electors in their choice of delegates so as to preclude them from electing women. It is obvious that, in the absence of a law or other competent regulation to the contrary, those who would act for the party in a regular convention could place their delegate credentials in the hands of anyone in whose ability and faithfulness they would repose confidence. Our attention has not been called to any statute which so restricts the freedom of choice by the party voters when acting directly in a primary election, as to preclude them from selecting a woman.

Our attention is called to the case of People ex rel. Garretson v. Byers, 271 Ill. 600, 111 N. E. 564, in which the supreme court of Illinois declined to issue a writ of mandamus to compel the printing of the names of candidates for certain offices, including party committeemen and delegates to the national convention, upon the women's ballot to be used in the state primary election. It is claimed that the case referred to is a controlling precedent here by reason of the similarity of the Illinois Woman Suffrage Act (Ill. Rev. Stat. 1915–16, chap. 46, §§ 546–548) and the North Dakota statute (Sess. Laws 1917, chap. 254), patterned after the Illinois act. That case did not involve the right of electors of a party to choose a woman for the office

of delegate or for any of the other offices mentioned in the petition. It involved only the form of ballot which the women electors were authorized to use, and therefore their right to vote for the office named. That is not the question before us. Furthermore, the decision in that case can scarcely be understood without referring to other provisions of the Illinois statutes; such, for instance, as §§ 452, 461, and 494, chapter 46 of Hurd's Revised Statutes of Illinois for 1915–16.

Being of the opinion that the electors of a political party operating under the presidential primary statute have a right to select as delegates persons who do not possess all of the constitutional requirements of an elector, the writ will issue as prayed for.

GRACE, J. I concur in the result.